UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAI DMITRIEVITCH TERLETSKY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C20-794 RSM<br><br>ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY |

## I.     INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate Judgment. Dkt. #1. Petitioner Nikolai Dmitrievitch Terletsky, proceeding pro se, challenges the 120-month sentence imposed on him by this Court after he pleaded guilty to one count of conspiracy to distribute controlled substances. *United States v. Terletsky*, Case No. 16-cr-080-RSM, Dkt. #79 (W.D. Wash., Jan. 10, 2020).[1]  Petitioner now challenges his sentence based on ineffective assistance of counsel in violation of his Sixth Amendment right. Dkt. #1. The Government opposes the motion, arguing that Petitioner has failed to state an ineffective assistance of counsel claim. Dkt. #5. Petitioner also requests release to home confinement as part of his § 2255 Motion, which the

---

[1] Hereafter, the Court cites to documents in Petitioner's criminal case as "Crim. Dkt. #__."

ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY – 1

Government has separately opposed in the criminal case. *See* Crim. Dkt. #114. The Court has determined that no evidentiary hearing is necessary. *See* 28 U.S.C. § 2255(b); *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

Having reviewed Petitioner's § 2255 Motion, the Government's Responses, Petitioner's Reply, and the remainder of the record, the Court DENIES Petitioner's § 2255 motion and declines to issue a certificate of appealability.

## II.   BACKGROUND

On March 23, 2016, a Grand Jury charged Petitioner and five other defendants with offenses related to a drug smuggling operation between the United States and Canada. Crim. Dkt. #1. Petitioner was charged with one count of conspiracy to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846, and one count of distribution of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A). Petitioner was arrested in British Columbia, Canada, on April 26, 2018 and contested extradition until July 23, 2019 when he surrendered to U.S. authorities at the United States/Canadian border. Crim. Dkt. #69. On September 5, 2019, Petitioner entered a guilty plea to Count 1 of the indictment for conspiracy to distribute controlled substances. Crim. Dkt. #49. On January 10, 2020, this Court sentenced Mr. Terletsky to the mandatory minimum of ten years in prison. Crim. Dkt. #79. From the beginning of his criminal case, Petitioner was represented by attorney Gilbert Levy. *See* Crim. Dkt. #15.

On May 29, 2020, Petitioner filed the instant motion to vacate judgment citing three grounds for relief: (1) ineffective assistance of counsel for failing to request application of the safety valve; (2) ineffective assistance of counsel for failing to address the sentence disparity between Petitioner and co-defendants' sentences; and (3) extraordinary reasons justifying release to home confinement due to the COVID-19 pandemic. Dkt. #1 at 4-7. The Government opposes Petitioner's first two grounds for relief related to ineffective assistance of counsel. Dkt. #6. The

Government interpreted Petitioner's third ground for relief as a request for compassionate release and filed a separate response on the criminal docket. *See* Crim. Dkt. #114.

### III. DISCUSSION

#### A. Standard on Motion under 28 U.S.C. § 2255

A motion under § 2255 permits a federal prisoner, in custody, to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. 28 U.S.C. 2255. The Government does not dispute that Mr. Terletsky is a prisoner in federal custody and therefore meets the "custody" requirement of § 2255. Dkt. #5 at 5-6. The Government likewise agrees that this is Mr. Terletsky's first habeas corpus petition, and that the petition is timely. *Id.*

#### B. Standard for Review for Ineffective Assistance Claims

To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel was within the range of reasonable assistance. *Id.* at 689. In order to establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Allegations that are speculative and conclusory are insufficient to prove that counsel provided ineffective assistance. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Here, Petitioner argues that his counsel provided ineffective assistance because he (1) failed to advocate for application of the safety valve to secure a sentence below the mandatory ten-year minimum; and (2) failed to address the sentencing disparity between Petitioner and his co-defendants. Dkt. #1 at 5-7. In the memorandum attached to his petition, Petitioner claims that his attorney "made determinations on his own" and "turned a blind eye" to Mr. Terletsky's safety valve eligibility that would have allowed Petitioner to "pursue[] Safety Valve alternative" for a sentence less than the mandatory minimum. Dkt. #1 at 19-22. The Government opposes Petitioner's motion on the basis that Mr. Terletsky was not eligible for safety-valve relief and, consequently, "no amount of advocacy" by his counsel would have changed the result. Dkt. #5 at 6-11. For the reasons set forth below, the Court finds that Petitioner's claims for ineffective assistance of counsel fail as a matter of law.

The safety valve provision permits a court to sentence a defendant to a term of imprisonment that is lower than a statutory minimum sentence in limited circumstances. 18 U.S.C. § 3553(f); *see generally United States v. Shrestha*, 86 F.3d 935 (9th Cir. 1996) (summarizing the function of the safety valve provision). The safety valve statute sets forth five conditions for a defendant's safety valve eligibility:

> (1) the defendant does not have—
>    (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>    (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>    (C) a prior 2-point violent offense, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;

ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY – 4

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); *see also* U.S. Sentencing Guidelines Manual § 5C1.2.

Petitioner claims that the "Government could have granted Mr. Terletsky's 'Safety Valve' departure upon Terletsky's attorney request," Dkt. #1 at 18. The Government responds that while Petitioner likely met the first four criteria for eligibility, he was not eligible for relief under the fifth requirement because "[h]e never truthfully provided to the government all information known to him about his offense." Dkt. #5 at 9. The record supports the Government's position. In its sentencing recommendation, U.S. Probation explained that "Mr. Terletsky is not safety valve eligible because he has not provided a truthful proffer to the government." Crim. Dkt. #70 at 3. Consistent with U.S. Probation's statement, Defendant's sentencing memorandum addressed Petitioner's safety valve eligibility by stating, "[a]lthough he was eligible for the safety valve, *the Defendant elected not to pursue it*." Crim. Dkt. #75 at 3 (emphasis added). In a footnote to this statement, counsel elaborated:

> Speaking not of this case but in generalities, the safety valve is a difficult choice for many defendants. Those who choose the safety valve are often perceived by other prisoners as informants and are therefore in danger of being assaulted or killed. They then have the difficult choice of living with a constant threat of assault or spending long years in protective custody, which is the equivalent of solitary

ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY – 5

confinement. In an ideal world, the Bureau of Prisons would protect
defendants who elect to pursue the safety valve but often, it can't.

*Id.* at 3, n.1. Likewise, at sentencing, the Government acknowledged the possibility of safety valve eligibility but confirmed "*the defendant opted not to pursue that* with the government." Crim. Dkt. #83 (01/10/20 Hr'g. Tr.) at 7:13-14 (emphasis added). Consequently, the ten-year mandatory minimum was the sentence recommended by the Government, by the defense, and by U.S. Probation. *See* Crim. Dkts. #70, #71, #75.

Consistent with the record, the Government explains in its Response that Petitioner "likely could have made himself eligible for safety-valve relief" but "that would have required that he provide a truthful and complete proffer about his knowledge of the offense and all other offenses that were a part of the common scheme or plan." Dkt. #5 at 9. The Government contends that "[t]hrough counsel, the government repeatedly encouraged him to do so. A proffer session was actually scheduled prior to the guilty plea, *but Terletsky later canceled it*. After the guilty plea, the government continued to be open to taking Terletsky's proffer . . . [h]owever, he again decided not to meet with the government . . . ." *Id.* at 9-10 (emphasis added). Nothing in Petitioner's Reply or his affidavit dispute the Government's assertions as to his failure to provide a proffer.[2] Instead, Petitioner's Reply only offers generalized arguments against mandatory minimums, *see* Dkt. #7 at 8-9, while his affidavit describes events related to the underlying conviction and his counsel's failure to persuade the prosecution that "Congress never intended mandatory minimums for low-level couriers like myself." Dkt. #8 at 1-6.

Because there is no evidence in the record supporting application of safety valve provisions, the mandatory ten-year minimum would have applied to Mr. Terletsky regardless of

---

[2] Petitioner's Reply and affidavit were filed well past the noting date for his § 2255 motion. *See* Dkts. #7, #8. However, in the interest of construing his claims liberally, the Court will consider these untimely filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Courts must construe pro se filings liberally).

ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY – 6

his counsel's advocacy. The Court therefore cannot conclude that Petitioner was prejudiced by his counsel's failure to advocate for application of the safety valve. *See, e.g.*, *Malivao v. United States*, No. CR 13-00885 LEK, 2018 WL 6834704, at *7 (D. Haw. Dec. 28, 2018) ("Even if [defense counsel]'s representation was deficient as to the safety valve issue, this deficiency did not prejudice or harm [the Petitioner] as he could never qualify for the safety valve provisions.").

For the same reason, Petitioner's claim that his counsel failed to address sentencing disparities fails as a matter of law. In fashioning a sentence, the sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Again, given that Petitioner was subject to the ten-year mandatory minimum, this Court did not have discretion to sentence Petitioner below ten years. Consequently, Petitioner cannot show he was prejudiced by his counsel's failure to advocate for a shorter sentence.

**C. Release to Home Confinement due to COVID-19**

Petitioner's third ground for § 2255 relief requests that the Court release him to home confinement pursuant to the federal Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116–136, 134 Stat. 281 (2020) ("the CARES Act"), Pub. L. No. 116–136, 134 Stat. 281. Dkt. #1 at 7, 26. Under the CARES Act, Congress provided the Bureau of Prisons ("BOP") with discretion to expand the use of home confinement during the COVID-19 pandemic. *See id.* at Sec. 12003(b)(2). The Government has interpreted Petitioner's argument as a request for compassionate release under 18 U.S.C. § 3582(c) and filed a separate opposition to this request in Petitioner's criminal case. *See* Crim Dkt. #114.

As an initial matter, the Government argues that Petitioner's request for release to home confinement in light of the COVID-19 health crisis is not a cognizable claim under 28 U.S.C. § 2255. Dkt. #114 at 1. While the Court finds minimal support for construing Petitioner's release

request as a collateral attack on his sentence under § 2255, it need not reach the issue here.[3] Where a defendant seeks home confinement pursuant to the CARES Act, as Petitioner does, courts have consistently found that the CARES Act does not provide courts with jurisdiction to order home detention. *See, e.g.*, *United States v. Cordier*, No. 2:06-CR-00626-DAK, 2020 WL 3452643, at *1 (D. Utah June 24, 2020) ("While the CARES Act grants broader discretion to the Director of the Bureau of Prisons to utilize home confinement, it does not grant this court authority or jurisdiction to do the same."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020), *reconsideration overruled*, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020); *United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043 (E.D. Pa. June 25, 2020). The Court likewise concludes that it lacks jurisdiction to consider Petitioner's request for release to home confinement under the CARES Act. On this basis alone, Petitioner's third ground for relief fails for lack of jurisdiction.

Finally, even if this Court were to liberally construe Petitioner's argument as a request for compassionate release pursuant to 18 U.S.C. § 3582, a defendant must first exhaust their administrative remedies before the Court may consider such a request under this provision. *See* 18 U.S.C. § 3852(c)(1)(A). Mr. Terletsky has failed to establish that he has exhausted his administrative remedies. To the extent Mr. Terletsky wishes to move for compassionate release, he may file a motion in his criminal case, 16-cr-0080-RSM, pursuant to the requirements set forth under 18 U.S.C. § 3582.

---

[3] While the Ninth Circuit has not squarely addressed the issue, several district courts within the Ninth Circuit have concluded that actions challenging failure to protect inmates from COVID-19 are not cognizable habeas claims. *See e.g., Alvarez v. Larose*, No. 20-CV-00782-DMS (AHG), 445 F.Supp.3d 861, 866 (S.D. Cal. 2020) (holding that habeas petition challenging conditions of confinement not properly brought under § 2241); *Hunter v. Martinez*, No. 220CV05121JAKSHK, 2020 WL 3258398, at *3 (C.D. Cal. June 12, 2020) (same); *Wilson v. Ponce*, No. CV204451MWFMRWX, 2020 WL 3053375, at *10 (C.D. Cal. June 8, 2020) ("The nature of the relief coupled with the provisional class certification is simply not what lawyers and judges think of as habeas, even under § 2241, *let alone §§ 2254 or 2255*") (emphasis added).

ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY – 8

**D. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. The Court finds that a Certificate of Appealability ("COA") is not warranted in this case. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [his] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons set forth above, the Court finds no basis to issue a COA in this case.

## IV.     CONCLUSION

Petitioner has failed to establish a claim for ineffective assistance of counsel. He points to nothing in the record indicating that he was, in fact, eligible for the safety valve. As a result, he was subject to the 10-year mandatory minimum regardless of his counsel's advocacy. Furthermore, as set forth above, this Court lacks jurisdiction to consider his request for release to home confinement under the CARES Act.

Accordingly, having considered Petitioner's § 2255 Motion, the Government's Responses, Petitioner's Reply, and the remainder of the record, the Court finds and ORDERS that Petitioner's Motion to Vacate Judgment Under 28 U.S.C. § 2255 (Dkt. #1) is DENIED. No certificate of appealability shall issue. This matter is now CLOSED.

Dated this 19th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE